116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Blanca Isabel MEDRANO-AGUIRRE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERIVCE, Respondent.
 No. 96-70666.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 MEMORANDUM*
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 Blanca Isabel Medrano-Aguirre, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 2
 Medrano-Aguirre contends that substantial evidence does not support the BIA's determination that she is ineligible for asylum and withholding of deportation. This contention lacks merit.
 
 
 3
 We review a denial of asylum for an abuse of discretion and the factual findings underlying the decision are reviewed for substantial evidence. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). The BIA's determinations should not be reversed absent compelling evidence of persecution. See id.
 
 
 4
 To establish eligibility for asylum, Medrano-Aguirre must show an objectively reasonable fear of persecution in Guatemala on account of race, religion, nationality, membership in a particular social group, or political opinion. See Acewicz v. INS, 984 F.2d 1056, 1061-62 (9th Cir.1993). The burden is on the alien to meet this standard. See 8 C.F.R. § 208.13(a).
 
 
 5
 Medrano-Aguirre testified that in 1989 the guerrilla group known as the Guatemalan Revolutionary Armed Unit ("URNG") surrounded her village. Eight armed uniformed guerillas came to her home and threatened to kill her and her family if they did not join the guerrillas. The family fled to their nearby farm, and several days later they moved to a town approximately six hours away. Medrano-Aguirre continued working in an American medical clinic near her village. In 1990, the guerrillas burned down the clinic, but Medrano-Aguirre was not present. Although the guerrillas continued to recruit people in the streets, Medrano-Aguirre did not have any direct contact with the guerrillas before she left Guatemala in 1993.
 
 
 6
 Substantial evidence support's the BIA's determination that Medrano-Aguirre is ineligible for asylum and withholding of deportation. Medrano-Aguirre failed to present any evidence that she was persecuted on account of her political beliefs--actual or imputed. See Sangha v. INS, 103 F.3d 1482, 1488-89 (9th Cir.1997). At most, she presented evidence proving the "existence of a generalized 'political' motive underlying the guerrillas' forced recruitment" of her which is inadequate to establish fear of persecution on account of political opinion. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992); see also Sangha, 103 F.3d at 1489.
 
 
 7
 Because Medrano-Aguirre failed to demonstrate a well founded fear of persecution she also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 8
 Finally, to the extent Medrano-Aguirre claims that the BIA erred by failing to balance her favorable and adverse factors as required by Matter of Chen, Int. Dec. 3104 (BIA 1989), we reject the argument because the balancing of factors is only relevant to the BIA's determination whether to grant asylum as a matter of discretion. Cf. Lopez-Galarza v. INS, 99 F.3d 954, 960 (9th Cir.1996). Because substantial evidence supports the BIA's determination that Medrano-Aguirre is ineligible for asylum, it had no occasion to exercise its discretion.
 
 
 9
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3